UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIARA L. SMITH, | No.  2:25-cv-01913-CKD |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively.  The parties have consented to magistrate judge jurisdiction.  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1989, applied for DIB and SSI on April 5, 2022, alleging disability beginning March 29, 2021.  Administrative Transcript ("AT") 17, 26.  Plaintiff stated that she was unable to work due to degenerative disc disease, herniated disc at two locations in the lower back, and sciatic nerve compression.  AT 56.  At the May 9, 2024 hearing on her applications for

1

benefits, plaintiff testified that she had a bachelor's degree in animal science and financial management, and previously worked as a merchandise coordinator at TJ Maxx.  AT 38.  She stopped working in March of 2021 after a work injury resulted in two slipped discs on the sciatic nerve.  AT 39.  She underwent disc surgery roughly two years prior to the hearing, but testified that she still had debilitating pain and other symptoms.  AT 44.

On June 24, 2024, an Administrative Law Judge (ALJ) issued a decision finding plaintiff not disabled between March 29, 2021 and the date of the decision.  AT 17-28.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2027.

2. The claimant has not engaged in substantial gainful activity since March 29, 2021, the amended alleged onset date.

3. The claimant has the following severe impairments: lumbar degenerative disc disease status post L5-S1 hemi-laminotomy/discectomy; obesity; and right elbow tendonitis.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the claimant has had the residual functional capacity to perform sedentary work except as follows: requires a cane for prolonged ambulation; can occasionally operate left foot controls; can occasionally perform postural activities except is unable to climb ropes, ladders, or scaffolds; can frequently handle and finger with the right upper extremity; and must avoid concentrated exposure to hazards such as operating heavy machinery or working at any unprotected heights.

6. The claimant is unable to perform past relevant work.

7. The claimant was born [in 1989] and was 31 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high-school education.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

2

> 11.  The claimant has not been under a disability, as defined in the Social Security Act, from March 29, 2021, through the date of this decision.

AT 19-28.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled:  (1) the ALJ erred in evaluating the opinion of the qualified medical examiner (QME); and (2) the ALJ's determined residual functional capacity (RFC) is not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

3

weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A.  Medical Opinions

Plaintiff claims the ALJ erred in discounting the opinions of Dr. Perry Carpenter, who evaluated her in August 2021 and May 2023.  See AT 344-363 (2021 Carpenter report) and 795-834 (2023 Carpenter report).

The ALJ discussed the Carpenter reports as follows:

> The qualified medical examiner (QME) assessments, issued on August 13, 2021, by Dr. Perry Carpenter, DC, for sedentary exertion in 30-minute increments, with limitations including 15 minutes on the feet and then lying down, and issued May 28, 2023, for restrictions including no lifting greater than 5 pounds from knee level and no greater than 10 pounds from waist level, no carrying greater than 15 pounds for 30 feet, no squatting and no climbing, are unpersuasive. [paragraph break inserted]
>
> These restrictions are not well supported, given that Dr. Carpenter is an unacceptable medical source and given his exam findings, which include normal sensation in the L5 and S1 dermatomes and in the feet, no giveaway or weakness at L5 or S1, and normal motor function, and ability to heel and toe walk without difficulty, or sign of lower extremity weakness. Dr. Carpenter's assessments are also not consistent with other evidence including some improvement with treatment including surgery and injection, independent ambulation with a cane and the claimant's reported activities of daily living like using public transit, shopping, and performing some household tasks, which better substantiates the limitations assigned by the undersigned as explained above.

AT 25.

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015).  In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another.  Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014); see also Marsh v. Colvin, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

The applicable rules provide that adjudicators for the Social Security Administration, including ALJs, evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical

4

source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Supportability is the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources, including the claimants themselves. 20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1). The ALJ will articulate how he considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required except when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b). The new regulations "still require that the ALJ provide a coherent explanation of his reasoning" and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." Sam-Chankhiao v. Kijakazi, 2:20-cv-0186 DB, 2022 WL 4226170, at *3 (E.D. Cal. Sept. 13, 2022), citing Hardy v. Commissioner, 554 F.Supp.3d 900, 906 (E.D. Mich. 2021).

Here, plaintiff argues that the ALJ's analysis is legally insufficient because the ALJ "cherry-picked" evidence that ignored numerous abnormal findings by Dr. Carpenter and various record evidence of disability. Plaintiff points out that, on examination by Dr. Carpenter, she was unable to perform many of the tested physical maneuvers and reported pain and stiffness. Plaintiff concludes that "the limitations assessed by Dr. Carpenter were well-supported by her own examination findings" and also "highly consistent with the record." (ECF No. 13 at 12.)

Defendant counters that the ALJ reasonably found Dr. Carpenter's opinions unpersuasive, as the ALJ applied the proper factors and sufficiently explained his reasoning.[1] The undersigned agrees. Under the applicable regulations, the ALJ was obligated only to meaningfully consider the consistency and supportability of Dr. Carpenters' opinions. See Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022). The ALJ discharged that duty by citing multiple normal exam findings by Dr.

---

[1] Defendant concedes that the ALJ's finding that Dr. Carpenter was an "unacceptable medical source" does not apply under the revised regulations. (ECF No. 17 at 5, n.2.)

Carpenter and other record evidence, including improvement after surgery, that did not support Dr. Carpenter's opined extreme limitations, e.g., that plaintiff could only perform sedentary work in 30-minute increments.

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence can rationally be interpreted in more than one way, the court must uphold the ALJ's decision." Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). Here, the ALJ properly reviewed the medical record as a whole, including "objective findings, diagnostic studies, treatment modalities, and the treatment record[.]" See Cruz v. Kijakazi, 2023 WL 1447855, *5 (E.D. Cal. Feb. 1, 2023) (finding ALJ did not impermissibly "cherry-pick" evidence in discounting medical opinion); AT 23-24, 26. Having reviewed the longitudinal record, the ALJ credited the opinion of another physician, Dr. Pan, based on the supportability and consistency factors. AT 25. The court finds no error in the ALJ's evaluation of Dr. Carpenter's opinions.

B. Residual Functional Capacity

Plaintiff next argues that the ALJ erred in determining her RFC. As plaintiff's argument is premised on the notion that the ALJ erred in discounting Dr. Carpenters' opinions, it too must fail. Plaintiff has not shown that the RFC was not supported by substantial evidence, and defendant is entitled to summary judgment.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is granted; and

3. Judgment is entered for the Commissioner.

Dated: June 10, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/smit1913.bothdibssi.ckd

6